| Estado Libre Asociado de Puerto Rico TRIBUNAL DE APELACIONES PANEL III | | |
|---|---|---|
| ERODITA LARRACUENTA BASTARDO Peticionaria *Ex Parte* | TA2025AP00261 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo Civil núm.: FA2024CV00074 Sobre: Usucapión |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 26 de septiembre de 2025.

Comparece ante este tribunal apelativo, la Sra. Erodita Larracuenta Bastardo (señora Larracuenta Bastardo o apelante), mediante el recurso de epígrafe, solicitándonos la revocación de la *Sentencia Enmendada Nunc Pro Tunc* emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI), 21 de julio de 2025, notificada el 22 de julio siguiente. Mediante dicho dictamen, el foro primario declaró *Ha Lugar* a la *Moción Solicitando Desestimación a Tenor con la Regla 10.3 de las de Procedimiento Civil y Solicitud de Sanciones a Tenor con las Reglas 9.1, 9.3, 44.1(D) y 44.2 de las de Procedimiento Civil* presentada por Johnson Consulting LLC, el Sr. Edwin Rodríguez Ramos, el Sr. Billy Joe Rodríguez Mercedes, el Sr. Scott Stephen Clark, la Sra. Luz Raquel Sierra Ocasio, el Sr. Edgar Iván Miranda Ával, la Sra. Yamilka Annette Mundo Birriel, el Sr. Juan Padilla Asencio, la Sra. Nilma Luz Rodríguez, JUJU LLC, la Sra. Frances Annette Prieto Martínez, el Sr. Stephen Alexander Jenkins Dumbar, PT&O Group Inc, el Sr. Eduardo Martell y la Sra. Kristin Michelle Freid (en conjunto, los

apelados) e impuso la suma de $4,275 en concepto de honorarios de abogado.

Por los fundamentos que expondremos a continuación, confirmamos la *Sentencia* apelada.

## I.

El 22 de enero de 2024, la señora Larracuenta Bastardo presentó una *Petición de Dominio* de manera *ex parte*.[1] En esencia, alegó que era dueña en pleno dominio de una participación proindiviso en una propiedad sita en el barrio Zarzal del municipio de Río Grande. Sostuvo que advino dueña al comprar una participación de dicha propiedad a la Sra. Haydee Josefina Figueroa Robinson y el Sr. Pedro Ángel Figueroa Robinson, mediante la Escritura Número 24 sobre Compraventa, otorgada el 13 de junio de 2006. Por tanto, indicó que la propiedad estaba inscrita a su nombre en el Registro de la Propiedad, Sección de Carolina III, finca 19,798 folio 96 tomo 489 inscripción 10. Esbozó que realizó actos de dominio durante diecisiete (17) años sobre el predio de terreno de manera pública, pacífica, ininterrumpida y de buena fe, por lo que correspondía obtener la inscripción de la finca a su nombre. En virtud de lo anterior, solicitó declarar ha lugar a la *Petición* y, en consecuencia, se ordenara la inscripción del inmueble a su favor.

Así las cosas, el 24 de enero de 2024, el TPI emitió una *Orden* que se notificó al día siguiente, en la cual determinó lo siguiente:

> Examinado el recurso presentado, muestre causa la parte peticionaria por la que no deba desestimarse el mismo por: tratarse de una finca inscrita y por tratarse de una porción alícuota. Nótese, que la doctrina es clara en que mientras no haya partición hereditaria, los herederos no tienen participaciones específicas sobre bienes específicos y lo que existe es una comunidad hereditaria. Es decir, durante la vigencia de la comunidad hereditaria, los herederos van a ser titulares de una cuota en abstracto sobre todos los bienes que formen parte del caudal relicto; pero no van a ser titulares de los bienes particulares que componen la herencia. Kogan v. Registrador, 125 D.P.R. 636, 651 (1990), pág. 652. Se conceden 10 días. Término es final.[2]

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA,) Entrada núm. 1.
[2] SUMAC TA, Entrada núm. 3.

Conforme ordenado, la peticionaria presentó su *Moción en Cumplimiento de Orden y Solicitud de que Continúen los Procedimientos y se Expidan los Emplazamientos y Citaciones*.[3] En esta, manifestó que el caso no estaba relacionado con una comunidad hereditaria, tampoco con una compraventa de cuotas abstractas de una comunidad hereditaria. Enfatizó que el caso trataba sobre la posesión de buena fe de un predio de terreno, según lo exigía nuestro ordenamiento. A su vez, resaltó que el Código Civil no establecía distinción para usucapir un terreno, independientemente, si este pertenecía o no a una sucesión. Aclaró que los dueños del inmueble tenían derecho a venderle la propiedad por ser los únicos herederos de la finca. Por todo lo anterior, solicitó la continuación de los procedimientos.

Examinada dicha moción, el 2 de febrero de 2024, notificada el 5 de febrero siguiente, el TPI emitió una *Orden*, en la cual concedió veinte (20) días a la señora Larracuenta Bastardo con el propósito de que aclarara su posición[4] **Específicamente, el Tribunal indicó que el caso fue presentado como uno de expediente de dominio, no obstante, presentó alegaciones sobre la figura de la usucapión**. Conforme ordenado, el 14 de febrero de 2024, la señora Larracuenta Bastardo presentó su *Moción Aclaratoria y en Cumplimiento de Orden*.[5] En esencia, **informó al tribunal que su causa de acción era sobre usucapión**, y solicitó la continuación de los procedimientos. Luego, el 1 de marzo de 2024, la señora Larracuenta Bastardo presentó una segunda *Moción en Cumplimiento de Orden* en la cual informó al TPI que realizó el cambió de causa de acción y, pagó los aranceles correspondientes.[6]

---

[3] SUMAC TA, Entrada núm. 5.
[4] SUMAC TA, Entrada núm. 6.
[5] SUMAC TA, Entrada núm. 7.
[6] SUMAC TA, Entrada núm. 10.

Tras varios trámites procesales, los cuales no son necesarios pormenorizar, el 28 de marzo de 2025, los apelados presentaron una *Moción Solicitando Intervención al Amparo Regla 21.1 de Procedimiento Civil.*[7] Mediante dicha moción, argumentaron que la propiedad en controversia pertenecía en común proindiviso a un grupo de comuneros y, que el caso de epígrafe fue instado sin su consentimiento. Resaltaron que, conforme al Código Civil, la señora Larracuenta Bastardo no podía presentar el pleito de epígrafe sin contar con su consentimiento, toda vez que eran titulares. Finalmente, aclararon que desconocían del pleito y que eran parte indispensable, puesto que eran titulares del inmueble. En virtud de lo anterior, solicitaron la intervención en el pleito.

En desacuerdo, el 16 de abril de 2024, la señora Larracuenta Bastardo presentó su *Oposición a Moción Solicitando Intervención al Amparo de la Regla 21.1 de Procedimiento Civil.*[8] Reiteró que la causa de acción trataba sobre la usucapión de un inmueble al cual no le aplicaba el precepto de comunidad. Ello, pues poseía el predio de terreno en calidad de dueña. De igual forma, esgrimió que el predio de terreno por el que reclamaba la usucapión no pertenecía a los apelados. Por último, adujo que la usucapión no establecía como requisito el consentimiento de todos los titulares para presentar un pleito por dicha causa de acción.

Luego, el 22 de abril de 2025, el TPI emitió una *Orden* que se notificó el mismo día, declarando Ha Lugar a la *Moción Solicitando Intervención al Amparo Regla 21.1 de Procedimiento Civil.*[9] Así las cosas, el 23 de mayo de 2025, los apelados presentaron una *Moción Solicitando Desestimación a Tenor con la Regla 10.3 de las de Procedimiento Civil y Solicitud de Sanciones a Tenor con las Reglas*

---

[7] SUMAC TA, Entrada núm. 64.
[8] SUMAC TA, Entrada núm. 68.
[9] SUMAC TA, Entrada núm. 70.

*9.1, 9.3, 44.1(D) y 44.2 de las de Procedimiento Civil.*[10] En esencia, alegaron que la finca número 19,798, no existía en el Registro de la Propiedad, puesto que fue segregada y como resultado se extinguió. Añadieron que de dicha segregación se crearon las fincas número 31,440 y número 31,441. Aclararon que ambas fincas estaban inscritas en el Registro de la Propiedad, por lo que no procedía la causa de acción por expediente de dominio. A su vez, explicaron que la finca 31,440 le pertenecía a una comunidad de bienes compuesta por estos y la señora Larracuenta Bastardo, por lo que la causa de acción sobre usucapión era respecto a dicha finca. No obstante, resaltaron que la apelante era titular de una participación en común pro-indiviso de dicha finca. Por todo lo anterior, razonaron que la señora Larracuenta Bastardo pretendía usurpar un predio en el cual era titular, y así, confundir al tribunal para usurpar una participación común proindiviso mediante el subterfugio de una causa de acción de expediente de dominio.

De otra parte, esbozaron que la causa de acción por usucapión no procedía, puesto que la señora Larracuenta Bastardo no cumplió con el requisito de poseer el inmueble por más de veinte (20) años. Asimismo, arguyeron que, tampoco aplicaba el término de diez (10) años, toda vez que la peticionaria conocía que ocupaba un terreno el cual no era dueña en su totalidad. Finalmente, argumentaron que, al ser dueños de la propiedad en controversia, eran parte indispensable en el pleito y, por ende, procedía desestimar la *Petición*[11] de epígrafe e imponer honorarios de abogado.

En respuesta, el 16 de junio de 2025, la apelante presentó su *Oposición a Moción Solicitando Desestimación a Tenor con la Regla*

---

[10] SUMAC TA, Entrada núm. 73.
[11] Se refiere a la *Petición de Dominio* original instada por la apelante. Mantendremos este nombre de la causa de acción aun cuando, como hemos explicado, la demanda se convirtió a una de usucapión.

*10.3 de las de Procedimiento Civil y Solicitud de Sanciones a Tenor con las Reglas 9.1, 9.3, 44.1(D) Y 44.2 de las de Procedimiento Civil.*[12] En síntesis, adujo que ejercer la posesión de la propiedad de manera exclusiva permitía su adquisición por usucapión, por lo que no existía una confusión de derechos. Además, reafirmó que no era necesaria la comparecencia de todos los titulares en un procedimiento *ex parte*. Por último, señaló que no procedía desestimar la *Petición* e imponer honorarios de abogado. Ello, pues presentó su reclamación sustentada en evidencia documental y fundamentada en derecho.

Luego de examinar los argumentos presentados por las partes, el 26 de junio de 2025, el TPI emitió un *Proyecto de Sentencia* que se notificó el 2 de julio de 2025, declarando Ha Lugar a la moción de desestimación presentada por los apelados, al amparo de la Regla 10.3 de las de Procedimiento Civil, 32 LPRA Ap. V., R.10.3.[13] En esta, el foro primario determinó que estos presentaron evidencia que confirmaba que la finca número 19,798 se extinguió al segregarse en dos (2) fincas nuevas. Entiéndase, se crearon las fincas 31,440 y 31,441. Por tanto, razonó que era improcedente continuar un proceso legal sobre una finca que quedó extinta. Ello, luego de sufrir una segregación que tenía el propósito de crear nuevas fincas, así como, extinguir la finca matriz la cual la apelante pretendía inscribir su título mediante la *Petición* de expediente de dominio. Añadió que, la finca matriz, como la finca segregada, se encontraban inscritas en el Registro de la Propiedad de Río Grande, por lo que no procedía la solicitud de expediente de dominio.

Particularmente, el foro *a quo* resolvió lo siguiente:

> En el caso de marras, según surge de las propias alegaciones incluidas en la Petición de Dominio, la Peticionaria advino titular de una participación mediante la Escritura pública Número Veinticuatro (24) de Compraventa, otorgada el trece de junio de dos mil

---

[12] SUMAC TA, Entrada núm. 75.
[13] SUMAC TA, Entrada núm. 77.

seis (2006) ante el notario público Nelson Jiménez Larracuente donde los anteriores titulares le venden a la Peticionaria su participación del cero punto siete por ciento (0.7%) que habían adquirido anteriormente de don Manuel Rivera Torres; sino que tanto la finca de donde emana su participación con el número de finca diecinueve mil setecientos noventa y ocho (19,798) como la finca nueva creada que se le asigna el número de finca treinta un mil cuatrocientos cuarenta (31,440) una vez segregada y extinta la referida matriz constan inscritas en el Registro de la Propiedad.

Más aun, según los interventores demostraron mediante Certificación Registral, la participación de la Peticionaria consta debidamente inscrita en el Registro de la Propiedad bajo la finca número treinta un mil cuatrocientos cuarenta (31,440). Así las cosas, la Peticionaria no carece de un título inscribible de dominio ya que el mismo ya consta inscrito bajo su participación en la Comunidad de Bienes de la finca número treinta un mil cuatrocientos cuarenta (31,440).

A tales efectos, la Peticionaria está impedida de llevar la presente acción pues lo que pretende de inscribir su título en la finca diecinueve mil setecientos noventa y ocho (19,798) ya extinta, consta inscrito en la finca que emana de ésta al haber sido segregada. La segregación de la finca matriz tiene el efecto de transferir su título a la finca nueva. Por este mero hecho fáctico y jurídico, no procede esta solicitud de Expediente de Dominio.

Respecto a la usucapión, el TPI concluyó que, si la señora Larracuenta Bastardo pretendía adquirir el dominio mediante un procedimiento de usucapión, no podía contar con dicho dominio con el propósito de presentar una causa de acción por usucapión. Por ello, razonó que no procedía la *Petición* de expediente de dominio con el propósito de adquirir, mediante usucapión, el dominio de una finca ya extinta. Ahora bien, respecto a la finca número 31,440, indicó que la señora Larracuenta Bastardo era titular de esta, debido a que contaba con una participación pro-indiviso de la comunidad de bienes de dicha finca. Por tanto, razonó que contaba con el dominio del predio objeto de la presente acción.

Finalmente, respecto a la imposición de honorarios de abogado, el TPI determinó que las alegaciones de la apelante y los documentos presentados por las partes demostraban que esta actuó de manera temeraria. Esto, debido a que la conducta de la apelante y la ocultación de hechos que contradicen las alegaciones de la

*Petición* obligaron a los apelados a invertir esfuerzos y recursos innecesariamente.

El 2 de julio de 2025, el TPI emitió una *Sentencia Enmendada* a los fines de cambiar el título de dicho documento.[14] Posteriormente, el 11 de julio de 2025, los apelados presentaron una *Moción Solicitando Enmienda Nunc Pro Tunc a Sentencia Enmendada*.[15] En esta, manifestaron que el tribunal resolvió que procedía imponer una partida razonable por concepto de honorarios de abogado. No obstante, apuntaron que el foro primario no especificó dicha cantidad. Por ello, solicitaron se enmendara la *Sentencia* con el propósito de imponer a la señora Larracuenta Bastardo $4,725 por concepto de honorarios de abogado. Cónsono con lo anterior, el 21 de julio de 2025, el foro primario emitió una *Sentencia Enmendada Nunc Pro Tunc*[16], que se notificó al día siguiente, en la cual concedió a los apelados los $4,725 por concepto de honorarios de abogado y gastos legales.

Inconforme, el 19 de agosto de 2025, la apelante acude ante esta *Curia* imputándole al foro primario haber incurrido en los siguientes errores:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR LA PETICIÓN DE LA APELANTE SI NI TAN SIQUIERA HABER TENIDO SU DÍA EN CORTE Y RECIBIR PRUEBA DEL PREDIO DE TERRENO OCUPADO POR MÁS DE 20 AÑOS Y/O 10 AÑOS DE BUENA FE PÚBLICA, PACÍFICA E ININTERRUMPIDAMENTE.

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR EL CASO HABIENDO ESTABLECIDO LA APELANTE BAJO JURAMENTO QUE POSEÍA EN CONCEPTO DE DUEÑO, PÚBLICA Y PACÍFICAMENTE UNA PARTICIPACIÓN EN LA FINCA 18(A), NÚMERO DE FINCA 31,440, Y ASÍ HABIÉNDOLO ADMITIDO LOS INTERVENTORES,

---

[14] SUMAC TA, Entrada núm. 78.

[15] SUMAC TA, Entrada núm. 80.

[16] Advertimos que, aunque el TPI tituló este dictamen como *Sentencia Enmendada Nunc Pro Tunc* no aplica a este proceder lo dispuesto en la Regla 49.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.1, para corregir los errores de forma en las sentencias. Recordemos que con esta enmienda el foro apelado incluyó la cuantía de los honorarios de abogado lo que constituye una enmienda sustantiva ya que nuestro ordenamiento jurídico exige que, una vez fijada la existencia de temeridad, la imposición del pago de honorarios de abogado es mandatoria. Por tanto, nos encontramos ante una *Sentencia Enmendada*.

PORQUE SE DESCRIBIÓ Y/O DESIGNÓ EL PREDIO BAJO EL NÚMERO DE FINCA INCORRECTO, CUANDO LO QUE PROCEDÍA ERA PERMITIR ENMENDAR LA PETICIÓN PARA PONER LA FINCA REGISTRALMENTE CORRECTA EN SU DESCRIPCIÓN.

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESESTIMAR EL CASO EN SUS MÉRITOS SIN EL DEBIDO PROCESO DE LEY Y CUANDO EN EL PEOR ESCENARIO PARA LA APELANTE DEBIÓ HABERLO HECHO SIN PERJUICIO.

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE EL CASO ERA UNO DE EXPEDIENTE DE DOMINIO CUANDO EL PROPIO TRIBUNAL CAMBIÓ MEDIANTE ORDEN LA CAUSAL A UN CASO DE USUCAPIÓN.

ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE EN EL CASO DE MARRAS HUBO TEMERIDAD Y POR ENDE IMPONER UNA SUMA DE DINERO A FAVOR DE LA PARTE INTERVENTORA APELADA.

El 27 de agosto de 2025, emitimos una *Resolución* concediéndole a la parte apelada el término de veinte (20) días para expresarse. En cumplimiento con lo anterior, el 11 de septiembre de 2025, esta parte presentó su *Oposición a Recurso de Revisión.* Por lo que nos damos por cumplidos y, a su vez, decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

**La moción de desestimación al amparo de la Regla 10.3 de las de Procedimiento Civil**

La Regla 10.3 de las de Procedimiento Civil, 32 LPRA Ap. V, R.10.3, regula el proceso con relación a la moción de desestimación para que se dicte sentencia por las alegaciones. Particularmente, la Regla 10.3, *supra,* dispone lo siguiente:

Después que se hayan presentado todas las alegaciones, cualquier parte podrá solicitar al tribunal que dicte sentencia parcial o total por las alegaciones, sujeto a las disposiciones de la Regla 42.3. Si en una moción en la que se solicite sentencia por las alegaciones se exponen materias no contenidas en dichas alegaciones y éstas no son excluidas por el tribunal, la moción deberá considerarse como una solicitud de sentencia sumaria y estará sujeta hasta su resolución final a todos los trámites ulteriores

dispuestos en la Regla 36, y todas las partes tendrán una oportunidad razonable de presentar todo asunto pertinente a dicha moción conforme a lo provisto en la citada regla.

El Tribunal Supremo de Puerto Rico ha expresado que, una vez se presente la contestación a la demanda o se anote la rebeldía, cualquier parte solicite al tribunal que dicte sentencia por las alegaciones, siempre que no se afecte la resolución rápida de los procedimientos. *Montañez v. Hosp. Metropolitano,* 157 DPR 96, 102 (2002). A su vez, procede dictar sentencia por las alegaciones cuando estas reflejan que no hay controversia sustancial sobre los hechos, lo que hace innecesario la celebración de un juicio en su fondo para recibir o dilucidar prueba. *Íd.*

Cónsono con lo anterior, cuando la parte demandada solicita que se dicte sentencia por las alegaciones, se consideran admitidos todos los hechos correctamente expuestos en la demanda, junto con las inferencias que puedan derivarse de ellos. *Rivera v. Otero de Jové,* 99 DPR 189, 195 (1970). No obstante, dichas admisiones sólo se dan por ciertas para propósitos de la moción y no constituyen una aceptación definitiva que implique la renuncia a cualquier controversia material que deba determinarse por la prueba del juicio. *Sepúlveda v. Casanova,* 72 DPR 62, 68 (1951).

**La Prescripción Adquisitiva o Usucapión[17]**

La propiedad y los demás derechos sobre los bienes pueden obtenerse por vía de la prescripción adquisitiva o usucapión. Artículo 549 del Código Civil de Puerto Rico (ed. 1930), 31 LPRA. sec. 1931; Artículo 1830, *supra,* 31 LPRA sec. 5241. El efecto principal de la usucapión es la adquisición del dominio. Por tanto, una vez transcurrido la totalidad del término fijado en nuestro ordenamiento,

---

[17] Como es sabido, mediante la Ley núm. 55-2020 se adoptó el nuevo Código Civil de Puerto Rico, y su vigencia se fijó a partir del 28 de noviembre de 2020. Toda vez que los hechos del presente caso tienen su génesis en momentos previos a la vigencia del nuevo cuerpo legal, procede la aplicación de las disposiciones del derogado Código Civil de 1930 y su jurisprudencia interpretativa.

de inmediato se materializa o consolida el dominio en la persona, que, en unión a sus anteriores dueños, ha poseído durante ese periodo con los requisitos de ley. *Adm. Terrenos v. SLG Rivera-Morales*, 187 DPR 15, 26-27 (2012).

La prescripción adquisitiva se bifurca en dos modalidades, a saber: la ordinaria y la extraordinaria. J.R. Vélez Torres, *Curso de Derecho Civil: los bienes, los derechos reales*, Madrid, Offirgraf, S.A., T. II, 1983, pág. 265. Tanto la usucapión ordinaria como la extraordinaria requieren que exista una posesión ininterrumpida, pública, pacífica y en concepto de dueño por el término fijado en la ley. Artículos 1840 y 1841 del Código Civil, 31 LPRA secs. 5261 y 5262 [18] En la prescripción adquisitiva ordinaria se requiere la posesión mediante la concurrencia de buena fe y justo título, junto al transcurso de un tiempo fijado por ley, a saber: diez (10) años. Artículo 1857 del Código Civil, 31 LPRA sec. 5278.[19] El concepto de buena fe consiste en la creencia de que la persona de quien recibió la cosa era dueña de ella y que podía transmitir su dominio. Artículo 1850, *supra,* 31 LPRA sec. 5271. Por su parte, el título se entiende justo cuando es legalmente suficiente para transferir el dominio o derecho real de cuya prescripción se trate. Artículo 1852, *supra,* 31 LPRA sec. 5273; *Bravman, González v. Consejo Titulares,* 183 DPR 827, 838 (2011). Además, conforme al Artículo 1853, *supra,* 31 LPRA sec. 5274, el título debe ser verdadero y válido. El justo título debe probarse; no se presume nunca. Artículo 1854, *supra,* 31 LPRA sec. 5275.

---

[18] Para la prescripción ordinaria del dominio y demás derechos reales se necesita poseer las cosas con buena fe y justo título por el tiempo determinado en la ley. Artículo 1840, *supra,* 31 LPRA sec. 5261. La posesión ha de ser en concepto de dueño, pública, pacífica y no interrumpida. Artículo 1841, *supra,* 31 LPRA sec. 5262.

[19] El dominio y demás derechos reales sobre bienes inmuebles prescriben por la posesión durante diez (10) años entre presentes y veinte (20) entre ausentes, con buena fe y justo título. Artículo 1857, *supra*, 31 LPRA sec. 5278.

**La Desestimación Con Perjuicio**

La Regla 39.2 (c) de las de Procedimiento Civil, 32 LPRA Ap. V., R. 39.2 (c), en lo concerniente dispone que:

> (c) Después que la parte demandante haya terminado la presentación de su prueba, la parte demandada, sin renunciar al derecho de ofrecer prueba en caso de que la moción sea declarada "sin lugar", podrá solicitar la desestimación fundándose en que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra la parte demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. **A menos que el tribunal lo disponga de otro modo en su orden de desestimación, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos.** (Énfasis nuestro)

En apoyo a lo anterior, nuestro ordenamiento jurídico se ha desarrollado una política pública a favor de que los casos se ventilen en los méritos. *VS PR, LLC v. Drift-Wind,* 207 DPR 253, 264 (2021). A esos efectos, los tribunales deben optar por desestimar un pleito con perjuicio excepcionalmente y en casos extremos. *Íd.,* a la pág. 264; *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 864 (2005). Ello, puesto que la aludida sanción es la más drástica que puede imponer un tribunal, dado a que tiene el efecto de una adjudicación en los méritos y, por ende, cosa juzgada. *Banco Popular v. S.L.G. Negrón,* a la pág. 864.

Adviértase que, cuando un tribunal desestima un pleito, tiene la discreción para determinar que será sin perjuicio. De este modo, se posibilita una posterior presentación de la misma reclamación. Ahora bien, si el juzgador no especifica el efecto de la desestimación, generalmente, se entenderá que es con perjuicio. *VS PR, LLC v. Drift-Wind,* supra, pág. 267. A esos efectos, la desestimación únicamente procederá cuando existan circunstancias que permitan a los tribunales determinar, sin ambigüedades, que la demanda carece de todo mérito o que la parte demandante no tiene derecho a obtener

algún remedio. *González Méndez v. Acción Social et al.,* 196 DPR 213*, 235* (2016). Además, nuestro Tribunal Supremo ha sido enfático en que la desestimación no procede si la reclamación es susceptible de ser enmendada. *Accurate Sols. v. Heritage Environment,* 193 DPR 423, 433 (2015); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 429 (2008).

**La temeridad**

La Regla 44.1 (d) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1 (d), establece que en un caso ante el Tribunal de Primera Instancia en que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta.

El Tribunal Supremo ha definido el concepto de temeridad como aquella conducta que promueve un pleito que se pudo obviar, lo prolonga innecesariamente, o que obliga a una parte a involucrarse en trámites evitables. Dicho de otro modo, se entiende que un litigante actúa con temeridad cuando por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito. *Maderas Tratadas v. Sun Alliance, et al.,* 185 DPR 880, 925-926 (2012). Esta penalidad tiene como propósito disuadir la litigación frívola; así como fomentar las transacciones, a través de sanciones que compensen a la parte victoriosa de los perjuicios económicos y las molestias ocasionadas por la temeridad desplegada por otra parte en el caso. *Íd.*, a la pág. 926.

La evaluación de si ha mediado o no temeridad, recae sobre la sana discreción del tribunal sentenciador y solo se intervendrá con ella en casos en que dicho foro haya abusado de tal facultad. Sin

embargo, una vez fijada la existencia de temeridad, la imposición del pago de honorarios de abogado es mandatoria. *Íd.* La cuantía se mide en virtud de: (1) el grado de temeridad que ha existido; (2) la naturaleza del procedimiento; (3) los esfuerzos y la actividad profesional que haya tenido que desplegarse; y (4) la habilidad y reputación de los abogados. *Corpak, Art Printing v. Ramallo Brothers*, 125 DPR 724, 738-739 (1990).

### III.

La apelante argumentó que el TPI erró al desestimar su *Petición* sin haber tenido su día en corte y recibir prueba del predio de terreno ocupado por más de veinte (20) años y/o diez (10) años de buena fe, pública, pacífica e ininterrumpidamente. Asimismo, planteó que el foro primario incidió al desestimar el caso habiendo establecido bajo juramento que poseía en concepto de dueña, pública y pacíficamente una participación en la finca 18(A), número de finca 31,440, y así habiéndolo admitido los apelados, toda vez que se describió y/o designó el predio bajo el número de finca incorrecto, cuando lo que procedía era permitir enmendar la *Petición* para poner la finca registralmente correcta en su descripción. En su tercer señalamiento de error, señaló que el foro recurrido incidió al desestimar el caso en sus méritos con perjuicio y sin el debido proceso de ley. A su vez, alegó que, el TPI incidió al determinar que el caso era uno de expediente de dominio cuando el propio tribunal cambió mediante *Orden* la causal a un caso de usucapión. Finalmente, adujo que el foro *a quo* erró al determinar que en el caso de epígrafe hubo temeridad y, por ende, imponer una suma de dinero a favor de los apelados.

De entrada y previo a discutir los señalamientos de error, se hace importante aclarar que el Artículo 1814 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11719, dispone que, los términos de usucapión que estén transcurriendo en el momento en que dicho

Código entre en vigor, tienen la duración dispuesta en la legislación anterior. Los hechos del presente caso tienen su génesis en momentos previos a la vigencia del nuevo cuerpo legal, por lo que procede la aplicación de las disposiciones del derogado Código Civil de Puerto Rico de 1930 y su jurisprudencia interpretativa. 31 LPRA sec. 1, *et seq.*

Los primeros cuatro (4) señalamientos de error esgrimidos están íntimamente relacionados, por lo que los discutiremos en conjunto. Del expediente ante nuestra consideración surge que, el 13 de junio de 2006, la señora Larracuenta Bastardo alegó que otorgó la Escritura Número 24 sobre *Compraventa* ante el notario Lcdo. Nelson Jiménez Laracuente, en la cual advino titular en común proindiviso con una participación del 0.7% de la finca número 19,798. Es importante destacar que este documento no fue incluido en el apéndice apelativo ni lo encontramos en el SUMAC del TPI.

Luego, el 13 de julio de 2017, se otorgó la Escritura Número 33 ante la notaria Lcda. Iris D. Candelario Nazario. En esta, se segregó la finca 19,798, y como resultado de dicha segregación, se crearon las fincas número 31,440 y 31,441. De igual forma, la *Certificación Registral* de la finca número 31,440 demuestra que existe una comunidad de bienes entre varios titulares, incluida la apelante.

En lo pertinente a la controversia ante nuestra consideración, y como esbozamos en el derecho precedente, tanto la usucapión ordinaria como la extraordinaria requieren que exista una **posesión ininterrumpida, pública, pacífica y en concepto de dueño por el término fijado en la ley**. Artículos 1840 y 1841 del Código Civil, supra. [20] En la prescripción adquisitiva ordinaria se requiere la

---

[20] Para la prescripción ordinaria del dominio y demás derechos reales se necesita poseer las cosas con buena fe y justo título por el tiempo determinado en la ley.

posesión mediante la concurrencia de buena fe y justo título, junto al transcurso de un tiempo fijado por ley, a saber, diez (10) años.

Respecto al justo título, el entendimiento jurisprudencial de los requisitos de este, a efectos de usucapión ordinaria, permite concluir que son títulos válidos y justos los contratos afectos por alguna causa de anulabilidad, rescisión, resolución o revocación. Carlos Lasarte, *Propiedad y Derechos Reales de Goce*, Macial Pons, Tomo Cuarto, 10ma ed., 2010, pág. 128. Entiéndase que, si el título fuese completamente válido, no sería necesaria la usucapión, pues si el proceder recibió el bien de quien era dueño en un acto sin tacha alguna, habrá adquirido el bien por tradición luego de consentir a un contrato válido. Luis Muñiz Argüelles, *Los Derechos Reales Conforme al Código Civil de 2020 Vol. I: Bienes, Conceptos y Derechos de Propiedad*, San Juan, Ediciones Situm, 202, pág. 175.

En la *Petición* instada por la apelante, esta incluyó las siguientes alegaciones atinentes a las controversias ante nos:

> ...
>
> 3. La peticionaria de epígrafe **es dueña en pleno dominio de una <u>participación proindiviso</u> de la siguiente propiedad** según menciona el Registro de la Propiedad en Río Grande.
>
> ---URBANA: Parcela de terreno marcada con el número dieciocho (18) de topografía llana y forma triangular sita en el Barrio Zarzal del Municipio de Rio Grande, con un área de veinticinco cuerdas con dos diezmilésimas de otra (25.2111 cdas.) equivalentes a noventinueve mil ochentinueve punto cinco, nueve, siete (99.089.597) metros cuadrados. En lindes por el NORTE, con el Océano Atlántico y la parcela número diecinueve (19); por el SUR, con la parcela número diecisiete (17) y un punto de convergencia de dos de sus lados; por el ESTE, con la parcela número diecisiete (17) y el océano Atlántico y por el OESTE con la parcela n[ú]mero diecinueve (19) y el Océano Atlántico.----------------------------------------
> ---Esta parcela est[á] dividida por un camino vecinal que la cruza de Este a Oeste, la cual es su acceso.---------------------
> ---**Está inscrita al folio setenta y dos (72) del tomo doscientos noventisiete (297) de Río Grande, finca número diecinueve mil setecientos noventa y ocho (19,798)**.-----------------------------------------------------------
> 4. Se hace constar que **la descripción real y exacta del predio que ocupa** la peticionaria conforme al plano de mensura realizado por el agrimensor Ismael Ortega es la siguiente:

---

Artículo 1840, *supra*, 31 LPRA sec. 5261. **La posesión ha de ser en concepto de dueño, pública, pacífica y no interrumpida**. Artículo 1841, *supra*, 31 LPRA sec. 5262.

---RUSTICA: Predio que sita en el Sector Punta Picúas, Barrio Zalzar, Rio Grande, Puerto Rico. Con una cabida superficial de Cero Punto Cuatro Mil Seiscientos Setenta y Seis Cuerdas (0.4676 cuerdas), equivalente a Mil Ochocientos Treinta y Siete Punto Siete Mil Quinientos Setenta y Nueve Metros Cuadrados (1,837.7579 m.c.). En lindes por el NORTE, en una alineación de Treinta y Dos Punto Cero Uno (32.01) metros lineales con terrenos del PROYECTO VILLA PALMARENA (Benjamín Johnson); por el SUR, en una distancia de Veinte Punto Setenta y Ocho (20.78) metros lineales con una faja de terreno dedicada a Uso Público; por el ESTE en una alineación de (65.83) metros lineales con terrenos que ocupa el Sr. Eduardo Martel & U.S. Industries Inc.; por el OESTE en una alineación de 82.35 metros lineales con terrenos que ocupa el Sr. Pedro J. Huertas Ríos & U.S. Industries, Inc.

6. Se hace constar que los datos presentados de esta propiedad indican que este predio está dentro de una finca mayor perteneciente a Manuel Enrique Figueroa Robinson, Haydee Josefina Figueroa Robinson, Angel Figueroa Robinson.

8. **La peticionaria advino como dueña de <u>la referida participación proindiviso</u> mediante Escritura Número Veinticuatro (24) de Compraventa** a Manuel Enrique Figueroa Robinson, por sí y en representación de Haydee Josefina Figueroa Robinson t/c/c Haydee Josefina Jenkins y Pedro Angel Figueroa Robinson, otorgada **el día trece (13) de junio de dos mil seis (2006)** ante el Notario Nelson Jiménez Laracuente. Esta compra la peticionaria la hizo con dinero privativo por estar soltera al momento de la compra.

9. **La peticionaria ha hecho actos de dominio durante diecisiete (17) años ininterrumpidamente sobre el terreno descrito con anterioridad de buena fe, poseído pública, pacíficamente e ininterrumpida por dicho periodo**.

12. Dicha finca ha mantenido la misma configuración y dimensiones desde su adquisición, según lo requiere el Código Civil para que opere la prescripción adquisitiva y la peticionaria no tiene título inscrito o inscribible de la propiedad antes descrita y ésta lo ha poseído de forma física y material o título de dueño quieto, pública, pacíficamente de buena fe y **sin interrupción de clase alguna desde que la adquirió y su posesión ha durado por un periodo aproximado de diecisiete (17) años.**

… (Énfasis y subrayado nuestro)

Por su parte, surge de la *Certificación Registral* y *el Estudio de Título,* presentados por los apelados en la moción desestimatoria, que la finca número 19,798 quedó extinta y se crearon las fincas números 31,440 y 31,441. Ello, al otorgar la Escritura de segregación el 13 de julio de 2017. A pesar de esto, como indicamos, la señora Larracuenta Bastardo incluyó en su *Petición* la descripción de la porción de la finca antes descrita dentro de la finca número

19,798 a los fines de solicitar la usucapión de dicha parte. Aclaramos que, la apelante está impedida de adquirir el dominio de una finca extinta. De igual forma, el predio de terreno de la finca 31,440, que resultó de la finca 19,798, **consta inscrita en el Registro de la Propiedad a su nombre en comunidad proindiviso**. Por tanto, la señora Larracuenta Bastardo está impedida de usucapir dicha porción de terreno, ya que es dueña de una parte abstracta de la totalidad de la finca. Recordemos que el efecto principal de la usucapión es la adquisición del dominio. Al respecto, la jurisprudencia ha reiterado que mientras no se efectúe la división del bien común, ninguno de los comuneros tendrá dominio absoluto sobre una parte o porción particular del mismo. Todo lo contrario, mientras no se consuma dicho acto, éstos sólo son dueños de una cuota abstracta en la propiedad común. *Oquendo v. Registrador*, 78 DPR 118, 121 (1955). En este sentido, no se puede usucapir lo que no se posee.

De otro lado, se hace importante enfatizar que la apelante no satisface los requisitos de término de diez (10) años exigido para que se configure la prescripción adquisitiva ordinaria. Asimismo, el Artículo 1857, *supra*, 31 LPRA sec. 5278, establece que el dominio y demás derechos reales sobre bienes inmuebles prescriben por la posesión durante diez (10) años entre presentes y veinte (20) entre ausentes, con buena fe y justo título. Como vimos, la apelante no puede amparar su reclamo en el término de diez (10) años, ya que no es dueña exclusiva de la propiedad objeto de la acción.[21] Es decir, no quedó demostrada la buena fe, entiéndase, la creencia de que es dueña. Según indicamos, la señora Larracuenta Bastardo posee una

---

[21] Tampoco cumpliría con el término de 20 años. De las propias alegaciones de la demanda y del expediente ante nos surge inequívocamente que, la apelante otorgó la Escritura Número 24 sobre Compraventa el **13 de junio de 2006**, y la *Petición* el **22 de enero de 2024**. Por ello, es un hecho incontrovertido que entre la compraventa y la presentación por la causa de acción por usucapión **únicamente transcurrieron dieciocho (18) años y nueve (9) días**.

porción abstracta en la totalidad de la finca 31,440. Por lo que, mientras no se realice una división y se adjudiquen porciones determinadas, ella no es dueña en pleno dominio de la porción definida que pretende usucapir. Por tanto, no podemos concluir que la apelante posee una finca específica en la comunidad de forma exclusiva y en nombre propio. En este punto, recordemos que de *la Certificación Registral*[22] surge que el dominio de la finca 31,440 está inscrita en comunidad de bienes entre varios titulares que incluye a la apelante. Asimismo, en el *Estudio de Título*[23] se especifica que la referida finca conta inscrita en un condominio indiviso e indeterminado entre los dueños.

Enfatizamos, además, que la señora Larracuenta Bastardo tampoco presentó documentos o evidencia que demuestren que ocupó dicha propiedad de forma pública, pacífica e ininterrumpida y en concepto de dueña.

Por último, advertimos que, aún si entendiésemos que la señora Larracuenta Bastardo pudiera instar la acción de usucapión, esta posee un título válido inscrito el cual nunca se impugnó por las partes ni se alegó que posee un defecto que la usucapión debería subsanar. Por tanto, como razonan los tratadistas, previamente mencionados, resultaría innecesaria la acción de usucapión.

Cónsono con lo anterior, la Regla 10.3 de las de Procedimiento Civil, *supra*, permite que, después de que se hayan presentado todas las alegaciones, cualquier parte puede solicitar al tribunal que dicte sentencia parcial o total por las alegaciones. A su vez, procede dictar sentencia por las alegaciones cuando estas reflejan que no hay controversia sustancial sobre los hechos, lo que hace innecesario la celebración de un juicio en su fondo para recibir o dilucidar prueba. *Montañez v. Hosp. Metropolitano,* supra. Así pues, cuando la parte

---

[22] SUMAC del TPI, Entrada núm. 73, Anejo.
[23] *Íd.*

demandada solicita que se dicte sentencia por las alegaciones, se consideran admitidos todos los hechos correctamente expuestos en la demanda, junto con las inferencias que puedan derivarse de ellos. *Rivera v. Otero de Jové*, supra.

Agregamos que los apelados acompañaron su moción de desestimación con un *Estudio de Título* y una *Certificación Registral,* de los cuales se demostró que la finca número 19,798 estaba extinta y, que la señora Larracuenta Bastardo era titular en un 0.7% de la finca segregada número 31,440. Asimismo, dichos documentos reflejan que la apelante adquirió la propiedad en el 2006, lo cual reafirmaba que era dueña del predio de terreno que pretendía usucapir. Más aún, y como explicamos, de ambos documentos surge claramente, que el dominio de la finca 31,440 está inscrita en comunidad de bienes entre varios titulares, que incluye a la apelante, en una participación indivisa e indeterminada.

Por su parte, la señora Larracuenta Bastardo en su oposición a la moción de desestimación no presentó documentos que rebatieran los argumentos de la parte apelada. Así pues, el TPI actuó correctamente al considerar la solicitud de desestimación, al amparo de la Regla 10.3 de las de Procedimiento Civil, *supra,* instada por los apelados y más aún, concluir que no procede la causa de acción por usucapión.

Es menester señalar que, los tribunales deben optar por desestimar un pleito con perjuicio excepcionalmente y en casos extremos. *VS PR, LLC v. Drift-Wind,* supra. Sin embargo, cuando un tribunal desestima un pleito, tiene la discreción para determinar que será sin perjuicio. Ahora bien, si el juzgador no especifica el efecto de la desestimación, generalmente, se entenderá que es con perjuicio. *VS PR, LLC v. Drift-Wind,* supra. A esos efectos, la desestimación únicamente procederá cuando existan circunstancias que permitan a los tribunales determinar, sin

ambigüedades, **que la demanda carece de todo mérito o que la parte demandante no tiene derecho a obtener algún remedio**. *González Méndez v. Acción Social et al.,* supra. Así pues, si el TPI hubiera entendido que la desestimación, en este caso, debía ser sin perjuicio tenía que expresarlo. Ello no ocurrió. Siendo así, no encontramos razón para intervenir con el raciocinio del foro primario. Por tanto, concluimos que procedía desestimar la causa de acción, al amparo de la Regla 10.3 de las de Procedimiento Civil, *supra,* con perjuicio.

En vista de todo lo anterior, colegimos que los errores primero, segundo, tercero y cuarto no se cometieron.

Por último, en cuanto al quinto señalamiento de error, la apelante plantea que el foro primario erró al determinar hubo temeridad y, en consecuencia, conceder a los apelados una suma por concepto de honorarios de abogado. Como señalamos, en nuestro ordenamiento la evaluación de si ha mediado o no temeridad, recae sobre la sana discreción del tribunal sentenciador, y solo se intervendrá con ella en casos en que dicho foro haya abusado de tal facultad. De un análisis del trámite procesal del presente caso, y de los documentos presentados por las partes, no surge que el foro apelado haya incurrido en un abuso de discreción al concluir que la señora Larracuenta Bastardo fue temeraria. Esto, máxime cuando de las propias alegaciones de la demanda surge que se promovió un caso inmeritorio y obligó a los apelados a involucrarse en trámites y gastos evitables. En este sentido, no nos convence el argumento esgrimido por la apelante en el recurso respecto a que "La controversia gira precisamente en torno a la identificación registral del inmueble y no a un intento malicioso de

engañar al tribunal. La existencia de una controversia jurídica real descarta de plano la aplicación de la Regla 44.1(d)."[24]

En consecuencia, entendemos que el foro apelado no cometió el quinto error. Por lo que, no encontramos motivos para reducir o eliminar la cuantía de $4,725, impuesta a la señora Larracuenta Bastardo por honorarios de abogado.

Por último, reconocemos que la práctica de los tribunales de solicitar a las partes que sometan proyectos de sentencia no es censurable *per se*.[25] *Román Cruz v. Díaz Rifas*, 113 DPR 500, 508 (1982); *Báez García v. Cooper Labs.,* Inc. 120 DPR 145, 157 (1987). Al contrario, su utilidad práctica le hace un "instrumento auxiliar para los magistrados del país sobrecargados y agobiados de una carga enorme de causas judiciales". *Báez García v. Cooper Labs.,* Inc., supra. Véase, también, *Nieves Díaz v. González Massas*, 178 DPR 820, 853 (2010). Incluso, el Canon 9 de Ética Judicial (4 LPRA Ap. IV-B) autoriza que se soliciten proyectos de sentencia, pues dicho cuerpo normativo los considera como herramientas que alivian a los magistrados del país, quienes tienen una enorme carga de casos. *Báez García v. Cooper Labs., Inc.*, supra. No obstante, **dichos proyectos bajo ningún concepto pueden sustituir la labor analítica del juez en su deber de "desentrañar la verdad".** *Nieves Díaz v. González Massas*, supra, págs. 853-854; *Malavé v. Hosp. de la Concepción*, 100 DPR 55, 56 (1971). Así, pues, es altamente censurable el que un juez firme "a ciegas" un proyecto de sentencia y sustituya un dictamen emitido en virtud del juicio crítico del juez. *Nieves Díaz v. González Massas*, supra; *Báez García v. Cooper Labs., Inc.*, supra, págs. 157-158.

---

[24] Véase, *Apelación Civil*, a las págs. 18-19. (cita omitida)
[25] Señalamos que el primer dictamen del TPI se intituló *Proyecto de Sentencia*. A su vez, en el encabezamiento de las páginas de este dictamen, así como en el de la *Sentencia Enmendada* y de la *Sentencia Enmendada Nunc Pro Tunc*, se encuentra escrito **Proyecto de Sentencia**.

A su vez, recordemos que una parte que presenta un proyecto de sentencia por lo general lo prepara con el deliberado propósito de lograr que su reclamo prevalezca en todos sus aspectos y "salir por la puerta ancha", sin considerar lo que realmente ocurrió en el proceso llevado a cabo ante el tribunal. *Nieves Díaz v. González Massas*, supra; *Román Cruz v. Díaz Rifas*, supra. Es por ello, por lo que el uso de un proyecto de sentencia requiere que los jueces lleven a cabo un proceso de ponderación sobre el contenido de tal proyecto y se aseguren que las determinaciones de hechos y las conclusiones de derecho consignadas en su sentencia reflejen fielmente el proceso ventilado ante el tribunal. *In re Aprobación Cánones Ética 2005*, 164 DPR 403, 421-422 (2005). La labor adjudicativa de un juez no es delegable. Tomando conciencia de ello, los jueces deben examinar los proyectos de sentencia que les han sido sometidos y modificarlos según la prueba presentada y conforme a las disposiciones de derecho aplicables. Después de todo, "[l]a sentencia que firma un juez debe ser el producto honesto de su trabajo, no el de otro". *Román Cruz v. Díaz Rifas*, supra, pág. 508.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Sentencia Enmendada Nunc Pro Tunc* apelada.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones